Nancy L. Fineman (Cal. SBN 124870)
nfineman@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone:  (650) 697-6000
Facsimile:  (650) 697-0577

Gregory A. Wedner (Cal. SBN 67965)
gwedner@lozanosmith.com
**LOZANO SMITH**
One Capitol Mall, Suite 640
Sacramento, CA 95814
Telephone:  (916) 329-7433
Facsimile:  (916) 329-9050

*Attorneys for Plaintiff San Mateo Union School District*

Jack W. Lee (Cal. SBN 71626)
JLee@MinamiTamaki.com
Sean Tamura-Sato (Cal. SBN 254092)
seant@minamitamaki.com
**MINAMI TAMAKI LLP**
360 Post Street, 8th Floor
San Francisco, California 94108-4903
Telephone: 415 788 9000
Facsimile: 415 398 3887

*Attorneys for Plaintiff AP Students – Viking Parent Group*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAN MATEO UNION HIGH SCHOOL DISTRICT, a school district, individually and on behalf of the members of the SAN MATEO UNION HIGH SCHOOL DISTRICT, and AP STUDENTS – VIKING PARENT GROUP, an incorporated association,<br><br>Plaintiffs,<br><br>v.<br><br>EDUCATIONAL TESTING SERVICES, a corporation; and COLLEGE ENTRANCE EXAMINATION BOARD, a corporation; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. CV-13-3660-SBA<br><br>**PLAINTIFFS' SUPPLEMENTAL REPLY IN RESPONSE TO SUPPLEMENTAL OPPOSITION ISO *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>Date:  TBD<br>Time:  TBD<br>Courtroom 1, Fourth Floor<br>Hon. Saundra Brown Armstrong |

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | THERE IS A PRIVATE RIGHT OF ACTION UNDER EDUCATION CODE § 99159 | 1 |
| III. | DEFENDANTS FAIL TO SHOW A "COMPLETE DISRUPTION OF THE TEST" | 2 |
| IV. | PLAINTIFFS' HAVE A RIGHT TO INJUNCTIVE RELIEF | 4 |
| V. | CONCLUSION | 5 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Harris v. City of Santa Monica*,
  56 Cal. 4th 203, 215 (2013) .......................................................................................................... 1

*JKH Enterprises v. Department of Industrial Relations*,
  142 Cal.App.4th 1046 (2006) ....................................................................................................... 3

*Lu v. Hawaiian Gardens Casino, Inc.*,
  50 Cal. 4th 592 (2010) .................................................................................................................. 1

*Winter v. Natural Resources Defense Council*,
  555 U.S. 7 (2008) .......................................................................................................................... 4

*Zhang v. Superior Court*,
  2013 Cal. LEXIS 6520 (Cal. Aug. 1, 2013) ................................................................................. 2

**Codes**

Business & Professions Code
  §§ 17203-17204 ........................................................................................................................ 2, 5

Education Code
  § 99150 ..................................................................................................................................... 1, 5
  § 99150(b)(1)-(5) .......................................................................................................................... 1
  § 99150(b)(2) ................................................................................................................................ 2
  § 99150(b)(3) ................................................................................................................................ 2
  § 99159 ................................................................................................................................. passim
  § 99160 ................................................................................................................................. 2, 3, 5
  § 99163 ......................................................................................................................................... 5

## I. INTRODUCTION

In light of the fact that Defendants filed two briefs (one which exceeds this Court's page limits as set forth in Scheduling Order, section (C)(2)), Plaintiffs San Mateo Union High School District ("SMUHSD") and the AP Students - Viking Parent Group ("Viking Group") ("hereinafter collectively "Plaintiffs") respectfully request that the Court consider this Supplemental Reply as a response to the arguments raised in the Supplemental Opposition Brief filed August 13, 2013.

## II. THERE IS A PRIVATE RIGHT OF ACTION UNDER EDUCATION CODE § 99159

A party's right to sue depends on whether the Legislature has manifested an intent to create a private cause of action under the statute in question. *Lu v. Hawaiian Gardens Casino, Inc.*, 50 Cal. 4th 592, 596 (2010). Defendants' assertion that there is no private right of action under Education Code § 99159 ignores the plain language of Education Code § 99150 which sets forth exactly what the California Legislature intends. Education Code § 99159 is a constituent part of "Chapter 3: Standardized Tests," which is codified at Education Code §§ 99150-99164. Education Code § 99150(b)(1)-(5) expressly sets forth the intent and purpose of Chapter 3's constituent sections. The California Legislature unequivocally declared in Education Code section 99150(b)(1)-(5) that:

> (b) It is the **intent and purpose of the Legislature** in enacting this chapter to do all of the following:
>
> (2) **Ensure due process protection of test subjects** whose scores are being questioned for suspected inauthenticity or irregularity in test administration.
>
> (3) **Provide test subjects with the opportunity to review the basis on which the test subject has been scored**.

Ed. Code § 99150(b)(1)-(5) (emphasis added)

In discerning the California Legislature's intent, California courts begin with the statutory text. *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 215 (2013) A plain reading of the foregoing makes it clear that Education Code § 99159 is designed to **guarantee due process protection** to those persons whose test scores are being questioned for suspected inauthenticity or irregularity in test administration, as is the case here (Ed. Code § 99150(b)(2)), as well as to provide test subjects with the opportunity to **review** the basis on which they have been scored. (Ed. Code. § 99150(b)(3).) The legislative intent is

unequivocal that the purpose of this chapter is to protect the rights of the test subjects and to allow them to challenge alleged irregularities in test administration

Education Code § 99160, which sets out the notice and process that test subjects must be afforded, states at subsection (c)(3) that "[n]othing in this section precludes the parties from seeking resolution of the testing problems by either judicial review or arbitration." It is hard to imagine language that could state more clearly Plaintiffs' right to seek resolution of the testing problems through judicial review.

It is evident from the plain statutory language that the statute provides the Plaintiffs here, who sue on behalf of the affected Mills High School student, with standing to bring a claim against the Defendants for violating Education Code § 99159 for invalidating their AP scores without investigation, without proof of cheating or wrongdoing, and without due process.

Regardless, even if this Court finds that there is no private right of action under Education Code § 99159, Plaintiffs can and have brought a claim for violation of the Unfair Competition Law ("UCL") under the "unlawful" prong. A UCL violation under the "unlawful" prong can be premised on a statute in which there is no private right of action. *Zhang v. Superior Court*, 2013 Cal. LEXIS 6520 at \*46-\*47 (Cal. Aug. 1, 2013). Injunctive relief is a statutorily provided remedy for a violation of the UCL. Bus. & Prof. Code §§ 17203-17204; *see Section IV infra.*

### III. DEFENDANTS FAIL TO SHOW A "COMPLETE DISRUPTION OF THE TEST"

Defendants next contend that Plaintiffs are unlikely to succeed on the merits because, pursuant to Education Code § 99160(f), they do not need to provide individual notice to any student or prove any actual wrongdoing by any student because they can show that there was a "complete disruption of the administration of the test." Defendants first argue that the burden they need to meet is the "substantial evidence" standard for proving individual wrongdoing. (Supp. Opp. Brief, pg. 4:13-25.) Defendants conflate the standard of proof for invalidating an individual test taker with the standard of proof for invalidating the scores of 286 test takers in a situation where, Defendants admit, "**[n]o student is accused of cheating.**" (Supp. Opp. Brief, pg. 4:1-2.) *JKH Enterprises v. Department of Industrial Relations*, 142 Cal.App.4th 1046 (2006), cited by Defendants, involves judicial review of the findings of a government agency which is inapposite unless Defendants are conceding their status as a state actor.

1  Defendants also claim that irregular seating arrangements automatically equate to a "complete
2  disruption of the administration of the test." This ignores the statutory language since Education Code §
3  99159 governs in situations where there has been "irregular test administration." Ed. Code § 99159(a).
4  Purportedly irregular seating arrangement does not rise to the level of a "complete disruption of the
5  administration of the test." If the California Legislature had intended "irregular test administration"
6  regarding seating arrangements to be considered a "complete disruption of the administration of the test"
7  that mandated invalidation, it would not have explicitly included "irregular test administration" in
8  Education Code § 99159. Therefore, Education Code § 99160(f) is not applicable and Defendants are
9  bound by the requirements of Education Code § 99159, requirements which the Defendants indisputably
10 did not meet.

11  In this case, regardless of the evidentiary standard used, Defendants cannot show a "complete
12 disruption of the administration of the test." Seating irregularities nowhere rises to the level of the
13 examples provided in section 99160(f) of a national emergency or natural disaster. If there was a "fire"
14 that disrupted the test administration, that would be a "complete disruption". Seating irregularity alone
15 does not mandate invalidation. There must be *complete* disruption under the Education Code. The fact
16 that it may be difficult for ETS to determine if there was any cheating does not relieve it of its
17 obligations under section 99159. There is absolutely no evidence that demonstrates that the validity of
18 the testing results was impacted. Quite the opposite. Plaintiffs' evidence demonstrates that there were
19 multiple controls in place during the exams which demonstrate the integrity of the exams. Defendants
20 do not and cannot introduce any evidence to the contrary.

21  It is also important to remember that, as the TRO and preliminary injunction standard, all that
22 must be shown by Plaintiffs is a likelihood of prevailing. *Winter v. Natural Resources Defense Council*,
23 555 U.S. 7, 20 (2008). Plaintiffs have met that standard. *See* Plaintiff's *ex parte* Application for TRO
24 and OSC re: Preliminary Injunction (Dkt. 31) and Reply, filed herewith.

25  Defendants' sole basis for invalidating all 286 AP test scores was the seating arrangement **and**
26 **nothing more**. (Cuccia Decl., Ex. P, p. 3.) While Defendants refer to a "whistleblower" student, there
27 is no evidence substantiating any of the student's allegations except for seating. (Cuccia Decl., Ex. F.)
28 On the other hand, there is evidence of an ETS representative that using a cell phone during an exam,

demonstrating that the Defendants, despite claiming that testing integrity is their primary concern, do not expect or require strict compliance with their rules. (Declaration of Jason Zhang, ¶ 9; Declaration of Jean Joh, ¶¶ 7-8.) In regards to this case here with Mills High School, Defendants have conducted no investigation of the situation, have done no statistical analysis comparing answers from students sitting at the same table, and have not done anything to justify imposition of "death penalty" sanctions. (Supp. Opp. Brief, pp. 4:11-6:13.)

Defendants' effort to shift blame on SMUHSD by claiming that SMUHSD did not cooperate with Defendants relies on declarations from witnesses with no personal knowledge (Cuccia Decl., ¶¶ 25, 35; Packard Decl., ¶ 17) which are contradicted by the Ms. Arbizu, who does have personal knowledge. (Arbizu Decl., ¶¶ 34, 36.) A review of Defendants' emails show that they are informal, vague in their requests and there were lapses of time between requests. Defendants received the complaint on May 13, 2013, but waited until July 8, 2013 to send out notice that the tests were invalid. It is ironic that Defendants accuse a group of high school students who tried to informally convince Defendants to change their draconian AP test score invalidation decision of delaying in bringing suit, when much of the harm could have been avoided if Defendants had acted quickly. Their actions plainly violated Education Code § 99159(b)-(c) and provided no due process to the students.

Under Education Code § 99160(f), it is for this Court to determine whether there has been a "complete disruption of the test" and not the Defendants. At best, Defendants have shown that, in some exams, students were seated at round tables and not all students faced the same direction. This is countermanded by the substantial evidence showing that the tests were secure, extensively proctored, some tests had scrambled questions, and that none of the students cheated. Belzer Decl., ¶ 10; Arbizu Decl., ¶¶ 3-7, 9-10, 7-25; Student Decls.; Proctor Decls. In view of the fact that no students are accused of cheating, indiscriminate score invalidation is not a warranted sanction here. As such, Plaintiffs have a likelihood of success.

### IV.    PLAINTIFFS' HAVE A RIGHT TO INJUNCTIVE RELIEF

Plaintiffs have a right to seek injunctive relief for Defendants' violation of Education Code § 99159. First, injunctive relief can be sought pursuant to the UCL (Bus. & Prof. Code §§ 17203-17204) to prevent the Defendants from engaging in "unlawful" business practices, including violation of

1  Education Code § 99159.  Second, the $750 civil penalty is not the sole remedy allowable under the
2  Education Code.  Indeed, the plain language of Education Code § 99163 permits a civil penalty for
3  intentional violations of Education Code § 99159 (which Plaintiffs allege) but does not limit Plaintiffs to
4  civil penalties.

5       Defendants' assertion that requiring them to comply with their contractual obligations violates
6  their "proprietary rights" ignores the entirety of Education Code § 99150(a)(4) which exists primarily to
7  protect the rights of test subjects, such as Plaintiffs.  Fairness and test integrity is supported by a system
8  in which due process protects against capricious and arbitrary actions, not a system in which Defendants
9  can sanction students without checks or balances.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their *Ex Parte* Application for a Temporary Restraining Order and Order to show Cause re Preliminary Injunction.

Dated: August 14, 2013

**COTCHETT, PITRE & McCARTHY, LLP**

By  */s/ Nancy L. Fineman*
    NANCY L. FINEMAN

**LOZANO SMITH**

By  */s/ Gregory A. Wedner*
    GREGORY A. WEDNER

*Attorneys for Plaintiff San Mateo Union High School District*

**MINAMI TAMAKI LLP**

By  */s/ Jack W. Lee*
    JACK W. LEE

*Attorneys for Plaintiff AP Students—Viking Parent Group*